[Cite as *State v. Goodin*, 2016-Ohio-2889.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Sheila G. Farmer, P.J.<br>Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 15-CA-00016 |
| TAYVA J. GOODIN | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Perry County Common Pleas Court, Case No. 14-CR-0070

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      May 4, 2016

APPEARANCES:

For Plaintiff-Appellee

JOSEPH A. FLAUTT
Perry County Prosecuting Attorney

DAVID L. ROWLAND
Assistant Prosecuting Attorney
111 N. High Street
P.O. Box 569
New Lexington, Ohio 43764

For Defendant-Appellant

VALERIE K. WIGGINS
107 S. High Street
New Lexington, Ohio 43764

*Hoffman, J.*

{¶1} Defendant-appellant Tayva J. Goodin appeals the June 23, 2015 Judgment Entry entered by the Perry County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2} On May 20, 2015, Appellant entered a plea of guilty to one count of complicity to illegal manufacture of drugs or cultivation of marijuana, a felony of the second degree, in violation of R.C. 2923.03(A)(2) and 2925.04(A) and (C)(3)(a); and one count of complicity to aggravated trafficking in drugs, a felony of the fourth degree, in violation of R.C. 2923.03(A)(2) and 2925.03(A)(1) and (C)(1)(a). As a result of Appellant's plea, the state of Ohio agreed to nolle prosequi the remaining two counts in the indictment. The trial court accepted Appellant's plea of guilty, ordered a presentence investigation and revoked Appellant's bail.

{¶3} On June 16, 2015, Appellant appeared at a sentencing hearing and moved the trial court to withdraw her plea of guilty.

{¶4} On June 19, 2015, the trial court conducted a hearing on Appellant's motion to withdraw plea. At the hearing, the trial court denied the motion and proceeded to sentence Appellant.

{¶5} The trial court entered judgment of sentence via Termination Judgment Entry on June 23, 2015.

---

[1] A full rendition of the underlying facts is unnecessary for resolution of this appeal.

{¶6} Appellant filed a delayed notice of appeal on September 2, 2015. This Court granted the motion for delayed appeal via Judgment Entry of September 30, 2015.

{¶7} Appellant assigns as error,

{¶8} "I. THE TRIAL COURT ERRED BY DENYING THE DEFENDANT-APPELLANT'S MOTION TO WITHDRAW HER PLEA OF GUILTY.

{¶9} "II. THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL."

I.

{¶10} In the first assigned error, Appellant argues the trial court erred in denying her motion to withdraw plea.

{¶11} Crim.R. 32.1 governs withdrawal of guilty pleas and states,

[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

{¶12} "A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *State v. Xie,* 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), paragraph one of the syllabus. "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." *Id.* at paragraph two of the syllabus. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable

and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶13}** In *State v. McNeil,* 146 Ohio App.3d 173, 175–176, 765 N.E.2d 884, the First District held,

It is well established that, even though a defendant does not have an absolute right to withdraw a plea prior to sentencing, a presentence motion to withdraw a guilty plea should be "freely and liberally granted." * * *Although such a motion is to be treated liberally, the trial court's decision is still ultimately one of discretion. In determining whether the trial court has properly exercised its discretion, this court is aided by the following factors: (1) whether the accused was represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the withdrawal motion, and (4) whether the trial court gave full and fair consideration to the motion.* * *In addition to these factors, there are other considerations, including (1) whether the motion was made within a reasonable time; (2) whether the motion set out specific reasons for the withdrawal; (3) whether the accused understood the nature of the charges and the possible penalties; and (4) whether the accused was perhaps not guilty or had a complete defense to the charges. (Footnotes omitted.)

**{¶14}** At the May 20, 2015 Plea Hearing, the following exchange occurred on the record,

THE COURT: All right. Thank you. Ms. Goodin, are you under the influence of any intoxicants, drugs, or other mind-affecting substances?

THE DEFENDANT: Not other than my medication, no.

THE COURT: And that was prescribed medication from you doctor?

THE DEFENDANT: Yes.

THE COURT: Okay. Is that affecting your ability to change your plea today?

THE DEFENDANT: No.

THE COURT: Okay. It is my understanding that you wish to withdraw your former plea of not guilty for the crimes which you stand charged. Having discussed this matter with your attorney, are you satisfied with her advice and representation of you?

THE DEFENDANT: Yes.

May 20, 2015 Plea Hearing Tr. at 4.

{¶15} On June 16, 2015, Appellant appeared before the trial court for sentencing and indicated she wished to withdraw her plea of guilty. The following exchange took place:

THE COURT: Why do you want to waive your—or withdraw your former plea?

THE DEFENDANT: I don't believe that I should have pled guilty to that. I felt I was more pressured in to [sic] that under -- sorry -- under not

knowing my rights, and I've done a little more research into the case, and I don't feel that I need to plead guilty to that.

THE COURT: Well, then, why didn't you go to trial that day? I mean, we had the jury here that day.

THE DEFENDANT: I apologize. I wasn't' – I don't know. I just wasn't ready for that. I was –

THE COURT: Are you prepared to go forward on that - - on that motion today Ms. Fries?

MS. FRIES: No, I'm not, Your Honor.

* * *

THE COURT: * * * Since Ms. Goodin has not been sentenced yet I do have to do a - - a hearing on this motion.  * * *

June 16, 2015 Hearing Tr. at 3-4.

**{¶16}** Appellant's motion to withdraw was made presentence. The trial court conducted a hearing on the plea withdrawal motion on June 19, 2015. At the hearing, Appellant's counsel argued,

MS. FRIES: Thank you, Your Honor. May it please the Court, Ms. Goodin suffers from congenital spinal stenosis, degenerative disc disease, and she has scoliosis. Two days before the scheduled trial on May 20th of 2015 she developed excruciating back pain and loss of movement and feeling in her right leg. Day before trial she went to the hospital. She was –

to Good Samaritan Hospital. She was there for the entire day. She's not exactly sure what time she left, but it was late at night.

She was prescribed medication and was taking all her prescribed medications prior to trial, being Norco, Flexeril, Naproxen, Prozac, and Xanax. She was groggy and tired on the date of her trial. She arrived on crutches and late.

We hurriedly went over the plea form. She didn't understand the nature of the charges against her, and she did not understand that she would have to serve a mandatory prison sentence. When she left here, she slept the entire way to jail, and she slept the entire first day and beyond at jail.

She currently wishes to withdraw her guilty plea and stand trial for this matter in which she believes she has a complete defense of duress.

June 19, 2015 Tr. at 3-4.

**{¶17}** At the June 19, 2015, the trial court did not hear the testimony of witnesses; rather, only the arguments of counsel. The trial court noted Appellant was advised at the time of the plea hearing she faced a mandatory prison term. Further, Appellant indicated during the presentence investigation she had not been under the influence of drugs, despite being involved with drugs previously during her life. June 19, 2015 at 7-8.

**{¶18}** The trial court gave a full hearing considering Appellant's motion to withdraw plea. Appellant moved the trial court to withdraw her plea arguing she had time to

research her case, and reconsidered her decision. Her counsel argued she was not aware she was entering a plea to a mandatory prison sentence, as she was under the influence of her medication at the time of the plea hearing. However, Appellant stated in open court she understood the terms of her plea, and the trial court advised Appellant she was subject to a mandatory term of imprisonment. The trial court was in the best position to observe Appellant's actions and evaluate her responses at the time of her change of plea.

{¶19} We cannot say the trial court abused its discretion in denying the motion to withdraw plea under these circumstances.

{¶20} The first assignment of error is overruled.

II.

{¶21} In the second assignment of error, Appellant maintains she was denied the effective assistance of trial counsel. Specifically, Appellant maintains trial counsel was ineffective herein in failing to cultivate and develop Appellant's defense of duress at trial.

{¶22} Appellant asserts her competency and sanity evaluation along with the presentence investigation report indicate she acted under duress when committing the offenses herein. Further, Appellant maintains trial counsel failed to ensure Appellant was fully aware of the ramifications and consequences of her plea.

{¶23} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See, Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant

must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689, 104 S.Ct. 2052, citing *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955).

**{¶24}** "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690, 104 S.Ct. 2052.

**{¶25}** Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

**{¶26}** Here, trial counsel properly weighed the evidence and the likelihood of success on the merits, making a tactical decision to enter a plea to the charges. Appellant's change of heart or mistaken belief about the guilty plea does not constitute a legitimate basis to withdraw the plea. *State v. Powell*, 10th Dist. 01-AP-891, 2002 Ohio 1725.

**{¶27}** The evidence demonstrates Appellant admitted to manufacturing and selling methamphetamine outside the presence of her spouse. She further told a confidential informant "more drugs were available" during the investigation. The evidence does not demonstrate the defense of duress would have been such a strong tactical advantage at trial to assure a verdict in Appellant's favor. Accordingly, trial counsel made

a tactical decision to weigh the likelihood of success of any possible defense in advising Appellant to accept the terms of the plea offered herein.

**{¶28}** The second assignment of error is overruled.

**{¶29}** The judgment of the Perry County Court of Common Pleas is affirmed.

By: Hoffman, J.

Farmer, P.J.  and

Baldwin, J. concur