[Cite as *State v. Keiner*, 2016-Ohio-3294.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                          |   | JUDGES:                       |
|--------------------------|---|-------------------------------|
| STATE OF OHIO            | : | Hon. Sheila G. Farmer, P.J.   |
|                          | : | Hon. W. Scott Gwin, J.        |
| Plaintiff-Appellee       | : | Hon. John W. Wise, J.         |
|                          | : |                               |
| -vs-                     | : |                               |
|                          | : | Case No. 15CA016              |
| MICHAEL A. KEINER        | : |                               |
|                          | : |                               |
| Defendant-Appellant      | : | O P I N I O N                 |


CHARACTER OF PROCEEDING:      Criminal appeal from the Holmes County
                              Court of Common Pleas, Case No.
                              14CR005

JUDGMENT:                     Affirmed


DATE OF JUDGMENT ENTRY:       June 3, 2016


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant
STEPHEN D. KNOWLING                   LUKE T. BREWER
Prosecuting Attorney                  88 South Monroe Street
164 East Jackson                      Millersburg, OH  44654
Millersburg, OH  44654

*Gwin, J.,*

{¶1} Appellant appeals the October 8, 2015 judgment entry of the Holmes County Court of Common Pleas denying his motions to withdraw plea. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} On January 13, 2014, appellant was indicted with two counts of theft in violation of R.C. 2913.02(A)(2) and R.C. 2913.02(B)(2). Appellant was arraigned on January 16, 2014 and appeared with Attorney Knowlton, his retained counsel. Attorney Knowlton represented appellant throughout the proceedings.

{¶3} Appellant entered a plea of guilty on April 17, 2014. In exchange for his plea of guilty to one count of theft, appellee agreed to dismiss the second count of theft. Appellant signed the "plea of guilty" form on the same day, which provided as follows: he understood the maximum penalty was twelve (12) months in prison; he was satisfied with his attorney's advice and competence; he understood the nature of charges and the possible defenses; no threats or promises were made to him in exchange for his plea; he entered his plea knowingly, intelligently, and voluntarily; and there was no agreement as to sentencing.

{¶4} The trial court entered a judgment entry on April 17, 2014. The judgment entry provided that appellant entered a plea of guilty to one count of theft, a fifth degree felony, and the trial court granted appellee's motion to dismiss the second theft charge. In the judgment entry, the trial court stated appellant was advised of all constitutional rights and made a knowing, voluntarily, and intelligent waiver of his rights pursuant to Criminal Rule 11. The trial court accepted appellant's plea, found appellant guilty,

ordered a pre-sentence investigation ("PSI") report, and set a sentencing date of June 9, 2014. The trial court continued appellant's bond with the following conditions: he follows the directions of the probation department; he report to adult probation; he complete the PSI questionnaire and return it to the probation department; and he appear at his sentencing hearing on June 9, 2014.

{¶5} On May 7, 2014, appellee filed a motion to revoke appellant's bond for failing to report to the probation department, failing to appear for his PSI interview, and failing to complete his PSI questionnaire. The trial court granted appellee's motion to revoke bond on May 8, 2014 and found appellant violated the terms and conditions of his bond. The trial court stated appellant's bond was revoked and forfeited and ordered the Clerk of Courts to issue a warrant for appellant's arrest.

{¶6} Appellant failed to appear at the June 9, 2014 sentencing hearing. The trial court issued a judgment entry and stated that while the prosecutor, appellant's attorney, and the representative from the probation department appeared at the sentencing hearing, appellant did not. The trial court further stated the warrant issued on May 8, 2014 remained in full force and effect. Approximately one year later, appellant was arrested in North Carolina and extradited to Ohio.

{¶7} The trial court set appellant's sentencing hearing for October 8, 2015. On September 24, 2015, appellant filed a pro se motion to withdraw plea. Appellant stated he was promised local county jail time with work release and restitution and, if the trial court would not honor this promise, he wanted to withdraw his plea. Appellant filed another pro se letter on September 28, 2015. On October 5, 2015, appellee filed a motion to strike appellant's pro se motions because he was represented by counsel. On October

6, 2015, the trial court issued a notice stating appellant's pro se motions were set for hearing on October 8, 2015.

{¶8}   The trial court held a hearing on October 8, 2015.  Prior to the sentencing portion of the hearing, the trial court conducted a hearing on appellant's motions.  Attorney Knowlton stated appellant wanted to withdraw his plea, discharge Attorney Knowlton as his counsel, hire new counsel, and proceed with a trial.  Appellee argued the plea agreement had no agreement as to sentencing and there was no cognizable ground for appellant to withdraw his plea.  Appellant agreed his plea agreement stated there was no agreement on sentencing, but appellant stated he was promised by Attorney Knowlton that he would be "looking at" ninety (90) days local county jail time with work release and house arrest.

{¶9}   Appellant stated he did not appear for his original sentencing hearing because he was on a roofing job in Columbus.  Roger Estill ("Estill") from the probation department testified appellant told the probation department he did not appear for the previous sentencing hearing because his vehicle broke down and he had to have it towed to Akron.  Attorney Knowlton stated he had a discussion with appellant prior to the plea agreement that the trial court would consider a sentence of work release and county jail time if the PSI was not out of the ordinary.  Attorney Knowlton also stated he told appellant there was no guarantee of sentence, but did tell appellant what the trial court might likely do if "everything came together."

{¶10}  The trial court denied appellant's motions to withdraw plea and proceeded to appellant's sentencing hearing.  Estill stated appellant was located and arrested in North Carolina.  Further, appellant had other charges pending against him and had two

outstanding warrants.  The trial court found appellant had a substantial criminal record and prior felony conviction.  The trial court sentenced appellant to eleven (11) months in prison.

{¶11}  On October 8, 2015, the trial court filed a judgment entry denying Attorney Knowlton's motion to withdraw as counsel and denying appellant's motions to withdraw plea.  On the same day, the trial court also filed a judgment entry of sentencing.  Appellant filed another pro se motion to withdraw guilty plea on October 13, 2015 which the trial court denied on October 14, 2015.

{¶12}  On November 3, 2015, the court reporter filed a statement regarding transcripts.  The court reporter stated the arraignment on January 16, 2014; pre-trial on March 19, 2014; and plea hearing on April 17, 2014 were not on the computer or in the archives due to equipment malfunctions with the recording system.  Thus, no transcript of these proceedings was available for transcription.

{¶13}  Appellant appeals the trial court's denial of his motions to withdraw plea and assigns the following as error:

{¶14}  "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO FREELY GRANT MR. KEINER'S PRESENTENCE REQUEST TO WITHDRAW HIS GUILTY PLEA.

{¶15}  "II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO HOLD A DESIGNATED HEARING TO DETERMINE WHETHER MR. KEINER'S REQUESTS TO WITHDRAW HIS GUILTY PLEA SHOULD BE GRANTED."

### I. & II.

{¶16} Appellant argues the trial court erred in failing to grant his motion to withdraw.  A motion to withdraw plea is governed by the standards set forth in Criminal Rule 32.1 and states, "a motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶17} Although the general rule is that motions to withdraw guilty pleas before sentence are to be freely given and treated with liberality, the right to withdraw a plea is not absolute.  *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992).  After a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea, the decision to grant or deny a pre-sentence motion to withdraw guilty plea is within the sound discretion of the trial court.  *Id.*

{¶18} In determining whether to grant a motion to withdraw guilty plea, the trial court should consider the circumstances surrounding the defendant's plea, including whether the defendant was represented by competent counsel at a full hearing and voluntarily waived his right to trial.  *State v. Gilmore*, 5th Dist. Perry No. 15-CA-00017, 2016-Ohio-2654.  Some factors a trial court may consider when making a decision on a motion to withdraw guilty plea are: (1) prejudice to the state; (2) counsel's representation; (3) adequacy of the Crim. R. 11 plea hearing; (4) extent of the plea withdrawal hearing; (5) whether the trial court gave full and fair consideration to the motion; (6) timing; (7) the reasons for the motion; (8) the defendant's understanding of the nature of the charges and the potential sentences; and (9) whether the defendant was perhaps not guilty or has

a complete defense to the charge. *State v. Pitts*, 5th Dist. Stark No. 2012CA00234, 2014-Ohio-17. No one factor is conclusive. *Id.* The good faith, credibility, and weight of a defendant's assertions in support of a motion to withdraw guilty plea are matters to be resolved by the trial court, which is in a better position to evaluate the motivations behind a guilty plea than is an appellate court in reviewing a record of a hearing. *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992).

{¶19} Appellant first argues that because the plea hearing colloquy between the trial judge and appellant was lost due to equipment malfunction, this Court cannot determine whether appellant understood the effect of his plea, or whether the plea was made knowingly, voluntarily, and intelligently and should thus find the trial court abused its discretion in denying appellant's motions to withdraw plea. We disagree.

{¶20} Pursuant to App.R. 9(B)(1), "it is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed in a form that meets the specifications of App.R. 9(B)(6). App.R. 9(B)(4) further provides that, "* * * when a recording was made but is no longer available for transcription, App.R. 9(C) or 9(D) may be utilized." App.R. 9(C) provides " * * * when a recording was made but is no longer available for transcription, the appellant may prepare a statement of the evidence or proceedings from the best available means, including appellant's recollection." App. R. 9(C) goes on to provide how and when the statement should be provided to the appellee and how the trial court should settle any objections to the statement and approve the statement. In this case, appellant did not file an App.R. 9(C) statement of proceedings of the plea hearing. When portions of the statement of proceedings necessary for resolution

of the assigned error are omitted from the record, the reviewing court has nothing to pass on and thus, as to those assigned, errors, the court has no choice but to presume the validity of the lower court's proceedings. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

{¶21} Further, appellant signed a plea of guilty form on April 17, 2014 stating he understood the maximum penalty of twelve (12) months in prison, he was satisfied with his attorney's advice and competence, he understood the nature of the charges and possible defenses, no threats were made to him in exchange for his plea, he entered his plea knowingly, intelligently, voluntarily, and there was no agreement as to sentencing. The trial court, in its judgment entry, stated appellant was advised of all constitutional rights and made a knowing, voluntarily, and intelligent waiver of his rights pursuant to Criminal Rule 11.

{¶22} Appellant next contends his motion to withdraw plea should have been granted because he "may have been" misled by his trial counsel regarding the likely sentence he would receive. We disagree.

{¶23} The right to competent counsel does not require a criminal defendant develop a "meaningful relationship" with his attorney. *Morris v. Slappy*, 461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983). In the context of reviewing a claim by a defendant that the trial court abused its discretion by overruling the defendant's request to discharge court-appointed counsel and substitute new counsel, courts have taken the approach that the defendant must show a complete breakdown in communication in order to warrant a reversal of the trial court's decision. *State v. Cowans*, 87 Ohio St.3d 68, 1999-Ohio-250, 717 N.E.2d 298.

**{¶24}** Appellant has not established that such a breakdown occurred between him and his counsel as to warrant the withdrawal of his negotiated plea. Appellant pled guilty to one count of theft and, as part of the negotiated plea, appellee dismissed the second count of theft. While appellant stated he was promised by Attorney Knowlton he would be "looking at" ninety (90) days local county jail time with work release and house arrest, appellant agreed his plea agreement stated there was no agreement on sentencing. Further, appellant signed a plea of guilty form stating he was satisfied with his attorney's advice and competence.

**{¶25}** Appellant finally argues he was never given a designated hearing on his motion to withdraw plea separate from the sentencing hearing and the trial court never gave him or his counsel the opportunity to explain why he wanted to withdraw his plea. We disagree.

**{¶26}** A defendant does not have an absolute right to withdraw a guilty plea before sentencing. *State v. Gilmore*, 5th Dist. Perry No. 15-CA-00017, 2016-Ohio-2654. However, a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. *State v. Graham*, 5th Dist. Holmes No. 04-CA-001, 2004-Ohio-2556, citing *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992).

**{¶27}** In this case, appellant filed his motion to withdraw guilty plea on September 24, 2015. In an October 6, 2015 judgment entry, the trial court issued a notice stating appellant's motion was set for hearing on October 8, 2015.

**{¶28}** Despite appellant's contention that there was no meaningful colloquy between the trial court and appellant regarding the merits of his requests to withdraw his

plea, it is clear from the transcript of the hearing that the trial court held a hearing on appellant's requests to withdraw his plea prior to the sentencing hearing. The trial court offered appellant and his counsel the opportunity to be heard on appellant's motion to withdraw plea. Appellant stated he was promised by Attorney Knowlton he would be "looking at" ninety (90) days local county jail time with work release and house arrest, but also agreed his plea agreement stated there was no agreement on sentencing.

{¶29} At the hearing, Attorney Knowlton reiterated appellant's desire to withdraw his plea, discharge Attorney Knowlton, retain new counsel, and proceed with a trial instead of going to prison. Attorney Knowlton stated he had a discussion with appellant prior to the plea agreement that the trial court would consider a sentence of work release and county jail time. However, Attorney Knowlton also stated he told appellant there was no guarantee of sentence in the plea agreement. After hearing from appellant and Attorney Knowlton, the trial court denied the motion to withdraw plea and proceeded to conduct a sentencing hearing. The trial court gave a full hearing considering appellant's motion to withdraw plea. Accordingly, the trial court did not abuse its discretion in holding the plea hearing. The trial court was in the best position to observe appellant's actions and evaluate his responses at the time of his change in plea. *State v. Goodin*, 5th Dist. Perry No. 15-CA-00016, 2016-Ohio-2889.

{¶30} Further, appellant's motions to withdraw plea did not state a legally cognizable defense to the theft charge, nor did appellant or his counsel assert any legally cognizable defense to the charges at the hearing on the motion to withdraw plea. The only basis appellant asserted for the withdrawal of his guilty plea was, essentially, that if the trial court was going to sentence him to prison instead of community control sanctions,

local county jail time, and work release as he discussed with his counsel at the time of his plea, he wanted to withdraw his plea. However, appellant agreed that his plea did not contain a guarantee as to sentencing. Appellant did not file his motions until after the trial court twice issued a warrant for his arrest, initially for a bond violation and then for failing to appear at his sentencing hearing, and until after he was arrested in North Carolina after more than a year and extradited to Ohio. A change of heart or mistaken belief about pleading guilty is not a reasonable basis requiring a trial court to permit a defendant to withdraw his guilty plea. *State v. Gilmore*, 5th Dist. Perry No. 15-CA-00017, 2016-Ohio-2654.

{¶31} Based on the foregoing, we find the trial court did not abuse its discretion in denying appellant's motions to withdraw plea. Appellant's assignments of error are overruled. The October 8, 2015 judgment entry of the Holmes County Court of Common Pleas is affirmed.

By Gwin, J.,

Farmer, P.J.,

Wise, J., concur