[Cite as *State v. Leist*, 2016-Ohio-8066.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 16 CAA 03 0017 |
| | : | |
| JEREMIAH LEIST | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Delaware County Court
of Common Pleas, Case No. 15 CR I 07
0293 B

JUDGMENT:                         AFFIRMED

DATE OF JUDGMENT ENTRY:           December 5, 2016

APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

CAROL HAMILTON O'BRIEN                      JEFFREY P. UHRICH
DELAWARE COUNTY PROSECUTOR                  P.O. Box 1977
                                           Westerville, OH 43086
ANDREW M. BIGLER
140 North Sandusky St., 3rd Floor
Delaware, OH 43015

*Delaney, J.*

{¶1} Defendant-Appellant Jeremiah Leist appeals the March 28, 2016 judgment entry of the Delaware County Court of Common Pleas denying Leist's motion to withdraw his plea.

## FACTS AND PROCEDURAL HISTORY

{¶2} Defendant-Appellant Jeremiah Leist was indicted by the Delaware County Grand Jury on July 1, 2015 for one count of Burglary under R.C. 2911.12(A)(1), a second-degree felony, and one count of Theft under R.C. 2913.02(A)(1), a fifth-degree felony. Leist entered a plea of not guilty at the arraignment.

{¶3} A change of plea hearing/status conference was scheduled for October 20, 2015. At the hearing, Leist did not wish to change his plea because he wanted to review discovery. (Judgment Entry, Oct. 20, 2015). A change of plea hearing/status conference was scheduled for October 28, 2015. At the hearing, Leist requested the trial court schedule the matter for trial. (Judgment Entry, Oct. 29, 2015). A jury trial was scheduled on December 22, 2015.

{¶4} On December 15, 2015, the trial court issued a scheduling order stating a hearing was set for December 18, 2015 for the purposes of Leist changing his plea. The change of plea hearing went forward on December 21, 2015. Leist did not provide a transcript of the December 21, 2015 hearing. The Crim.R. 11(F) Agreement filed on December 22, 2015 shows that Leist agreed to plead guilty to a lesser included offense of count one of the indictment, Burglary in violation of R.C. 2911.12(A)(3), a third-degree felony. The State dismissed count two of the indictment and agreed to a pre-sentence investigation. The parties agreed to jointly recommend a sentence of 18 months. Also on

December 22, 2015, the trial court filed its judgment entry accepting Leist's plea. The judgment entry reflected the trial court advised Leist of his rights, was represented by counsel, and made a knowing, intelligent, and voluntary waiver of his rights.

{¶5}  The trial court held the sentencing hearing on March 2, 2016. At the start of the hearing, Leist requested to withdraw his plea of guilty. (T. 3-4). Leist stated he had a conflict of interest with his attorney and felt he was pushed to make the deal. (T. 4). The trial court told Leist it would allow him to withdraw his plea and set the case for trial. (T. 6). The trial court advised Leist that if he went to trial and was found guilty, the trial court would sentence Leist based on the evidence presented at trial. (T. 8). Leist was further advised that if he withdrew his plea, he would be tried on one count of Burglary, a second-degree felony, and one count of Theft, a fifth-degree felony. (T. 8). The trial court told Leist it would set a new trial date and appoint Leist a new attorney. (T. 10).

{¶6}  Leist then stated, "I'll go with sentencing, Your Honor. Sentence me, I can't risk it. It's eight years I could do, or eight months or nine more or 18 months I mean. I'll go with sentencing. I've got no choice, proceed with sentencing." (T. 10). The trial court responded,

> I will say with your frame of mind, I'm worried now that you're going to even in about four hours think what did I just do, so. * * * There's no rush on this. What if we just wait until * * * tomorrow or Friday, would that be helpful? So we just freeze the whole thing for a little time because you're upset today and that's not a condition any of us should be in when you're making an important decision.

(T. 11). Leist disagreed and said, "Proceed with sentencing, I'm in the state of mind. * * *" (T. 12). The trial court explained to Leist, "You just need to make sure because I get letters and motions from prisoners of course saying I want to undo what I did and the further we go in this, the harder it is for me to --." (T. 12). Leist interrupted and stated, "Your Honor, I'll go ahead and get sentenced. I retract my previous statement about wanting to withdraw my plea. I'm just confused." (T. 13).

{¶7}   The State did not object to continuing the sentencing hearing to allow Leist time to consider whether to withdraw his plea. (T. 13).

{¶8}   The trial court, after Leist again indicated his desire to be sentenced, imposed the recommended sentence of 18 months in prison. (T. 18).  The trial court sentenced Leist to an additional three years, to be served consecutively, because Leist committed the burglary offense while under post-release control. The sentencing entry was filed on March 3, 2016.

{¶9}   On March 24, 2016, Leist filed a pro se motion to withdraw his guilty plea. He argued he agreed to be sentenced on March 2, 2016 because he did not want to upset the court. He still felt his counsel did not properly represent him. Leist filed an identical motion to withdraw guilty plea on March 28, 2016.

{¶10} On March 28, 2016, the trial court denied the motion to withdraw guilty plea. The trial court found no manifest injustice.

**ASSIGNMENT OF ERROR**

{¶11} Leist raises one Assignment of Error:

{¶12} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT PERMITTED THE SENTENCING HEARING TO GO FORWARD AFTER DEFENDANT REQUESTED

THAT HIS GUILTY PLEA BE WITHDRAWN AND THAT NEW COUNSEL BE APPOINTED TO REPRESENT HIM."

## ANALYSIS

{¶13} Leist argues in his sole Assignment of Error that the trial court abused its discretion when it went forward with the sentencing hearing after Leist requested to withdraw his guilty plea. We note that Leist does not raise as an Assignment of Error that the trial court erred when it denied his written motions to withdraw his guilty plea filed after sentencing.

{¶14} Crim.R. 32.1 states as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Although the general rule is that motions to withdraw guilty pleas before sentence are to be freely given and treated with liberality, the right to withdraw a plea is not absolute. *State v. Keiner*, 5th Dist. Holmes No. 15CA016, 2016-Ohio-3294, ¶ 17 citing *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992). After a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea, the decision to grant or deny a pre-sentence motion to withdraw guilty plea is within the sound discretion of the trial court. *Id*. Some factors a trial court may consider when making a decision on a motion to withdraw a guilty plea are: (1) prejudice to the state; (2) counsel's representation; (3) adequacy of the Crim.R. 11 plea hearing; (4) extent of the plea withdrawal hearing; (5) whether the trial court gave full and fair consideration to the motion; (6) timing; (7) the reasons for the motion; (8) the defendant's understanding of the nature of the charges and the potential sentences; and

(9) whether the defendant was perhaps not guilty or has a complete defense to the charge. *State v. Gilmore*, 5th Dist. Perry No. 15CA00017, 2016-Ohio-2654, ¶ 14 citing *State v. Cuthbertson*, 139 Ohio App.3d 895, 898–899, 746 N.E.2d 197 (7th Dist.2000).

{¶15} Leist made a verbal motion at the start of his sentencing hearing to withdraw his guilty plea. Leist argues the trial court should have granted him more time to consider whether he wished to withdraw his guilty plea. A review of the sentencing hearing shows the trial court was initially willing to grant Leist's request to withdraw his guilty plea. The trial court stated it would grant Leist's motion, set the matter for trial, and appoint him a new attorney. When Leist changed his mind and asked to proceed with sentencing, the trial court offered to give Leist more time to consider his request. Leist declined, but the trial court again attempted to give Leist more time. Finally, Leist withdrew his request to withdraw his plea and asked to proceed with sentencing.

{¶16} The record shows the trial court attempted to grant Leist's verbal motion to withdraw his plea. The trial court repeatedly tried to give Leist more time to consider how he wanted to proceed. In the end however, it was Leist's choice, not the decision of the trial court, to proceed with sentencing.

{¶17} We find no abuse of discretion for the trial court to proceed with sentencing at the sentencing hearing based on Leist's choice to withdraw his motion to change his plea.

{¶18} Leist's sole Assignment of Error is overruled.

**CONCLUSION**

{¶19} The judgment of the Delaware County Court of Common Pleas is affirmed.

By: Delaney, J.,

Farmer, P.J. and

Hoffman, J., concur.