OPINION.
{¶ 1} The defendant-appellant, Freddie Motley, challenges the trial court's order overruling his Crim.R. 32.1 presentence motion to withdraw his guilty plea to possession of cocaine in the case numbered B-0400284 and his no-contest plea to receiving a stolen motor vehicle and failure to comply with an order or signal of a police officer in the case numbered B-0402249. In the single assignment of error in these consolidated appeals, Motley contends that the trial court did not conduct a full hearing to determine if there was a reasonable and legitimate basis for withdrawing his pleas of guilty and no contest. We find no merit to this assignment of error.
 {¶ 2} On February 10, 2004, Motley entered a guilty plea to the offense of possession of cocaine, in violation of R.C. 2925.11(A). The trial court reduced his bond and released him from confinement on his own recognizance pending a presentence investigation. While free on bond, Motley stole a motor vehicle and led police officers on a high-speed chase that ended when he turned into a dead-end street and crashed into two parked cars, injuring his passenger. On April 9, 2004, he entered a no-contest plea to the offenses of receiving a stolen motor vehicle, in violation of R.C. 2913.51(A), and failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331(B). The trial court ordered an updated presentence investigation and a victimimpact statement and remanded Motley without bond to the custody of the sheriff.
 {¶ 3} On June 18, 2004, after several continuances, Motley appeared before the trial court for sentence and through his counsel orally moved to withdraw his pleas to the offenses charged in both indictments. He maintained "that my case * * * is beatable, sir. I did not do it. I would like a jury trial to recognize that." He also wanted new counsel appointed. After listening to Motley's reasons, the trial court overruled his motion. Noting that Motley's criminal record included convictions for possession of drug paraphernalia, criminal trespassing, and receiving stolen property, two prior convictions for drug possession, and multiple juvenile delinquency adjudications for which he had been committed to the custody of the Ohio Youth Commission, the trial court sentenced him to an aggregate prison term of eighteen months.
 {¶ 4} The Ohio Supreme Court has held that although a presentence motion to withdraw a guilty plea should be freely and liberally granted, a defendant does not have an absolute right to withdraw a guilty, or a no-contest, plea before sentence. See State v. Xie (1992),62 Ohio St.3d 521, 527, 584 N.E.2d 715. Where the defendant moves to withdraw a guilty or no-contest plea before sentence, pursuant to Crim.R. 32.1, the "trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. at paragraph one of the syllabus.
 {¶ 5} The decision to grant or to deny a presentence motion to withdraw a plea is within the sound discretion of the trial court and will not be disturbed on appeal absent a showing of abuse of discretion. See id. at paragraph two of the syllabus; see, also, State v. McIntosh,
1st Dist. No. C-040280, 2005-Ohio-1760, at ¶ 3. "Abuse of discretion" connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. See Statev. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.
 {¶ 6} In State v. Jefferson, 1st Dist. No. C-020802. 2003-Ohio-4308, at ¶ 7, citing State v. Fish (1995), 104 Ohio App.3d 236, 240,661 N.E.2d 788, we provided the following non-exhaustive list of factors to evaluate in determining whether the trial court has abused its discretion in ruling on a Crim.R. 32.1 motion: (1) whether the accused was represented by highly competent counsel; (2) whether the defendant was afforded a complete Crim.R. 11 hearing before entering the plea; (3) whether the trial court conducted a full and impartial hearing on the motion to withdraw the plea; (4) whether the trial court gave full and fair consideration to the motion; (5) whether the motion was made within a reasonable time; (6) whether the motion set out specific reasons for the withdrawal; (7) whether the defendant understood the nature of the charges and the possible penalties; (8) whether the defendant was possibly not guilty of the charges or had a complete defense to the charges; and (9) whether the state would have been prejudiced by the withdrawal.
 {¶ 7} Motley now contends that the trial court did not conduct an adequate hearing on his Crim.R. 32.1 motion. Based on his claim of innocence and the absence of a showing of prejudice to the state, he contends that the trial court abused its discretion when it denied his presentence motion to withdraw his guilty and no-contest pleas.
 {¶ 8} Nothing in this record suggests that, in considering the applicable factors, the trial court, on balance, abused its discretion in denying Motley's motion to withdraw his pleas. First, the trial court did conduct a hearing on Motley's oral motion to withdraw his pleas. The trial court heard from Motley's counsel and gave Motley ample opportunity to speak on his own behalf. Motley offered a litany of justifications for his motion to withdraw his pleas to the indictments. They were devious excuses, at best. Initially, he said that he did not commit the alleged offenses. When questioned further by the trial court, he denied that he had knowingly entered his pleas because he had been on medication at the time. At the Crim.R. 11(C) hearing, however, as the trial court reminded him, Motley stated that he had not taken medication that day and fully understood the rights he was waiving by his no-contest plea.
 {¶ 9} Motley then told the trial court that he wanted another attorney because he was dissatisfied with his appointed counsel's representation. Finally, he told the trial court, "I really need treatment. I have a bad drug problem. I feel if I get treatment, I can work with the people. They can help me."
 {¶ 10} Motley's claim of innocence is contradicted by his statements in the presentence investigation that were available to the trial court during the Crim.R. 32.1 hearing. Four days after he entered his no-contest plea, Motley told the investigator that, in regard to the possession-of-cocaine offense, he had thrown the crack cocaine on the ground when undercover police officers approached him. He also admitted that he had taken the car and led officers on a high-speed chase. The presentence investigation further states, "The defendant said he wants to take back his plea in order to receive drug treatment. He says going to the penitentiary where drugs are readily available, is not the place for him."
 {¶ 11} The record discloses that Motley's real reason for wanting to withdraw his pleas to the indictments was no more than a change of heart after he was denied admission to a drug treatment facility in lieu of prison. The trial court observed that before he committed the new offenses and while free on bond awaiting sentence for the possession-of-cocaine offense, his attorney had persuaded the court to consider the River City treatment program as an alternative to the penitentiary. The River City program refused, however, to accept Motley.
 {¶ 12} At the sentencing hearing, the trial court gave Motley a full opportunity to speak on why his Crim.R. 32.1 motion should have been granted. Although Motley requested a new attorney, as the trial court noted at the hearing, there is nothing in the record suggesting that his attorney was less than highly competent. None of these factors weigh in favor of overturning the trial court's ruling.
 {¶ 13} Only two factors argue in favor of granting Motley's motion to withdraw his pleas before sentence. There is no evidence in the record that the prosecution would have been prejudiced if the trial court granted the motion. More importantly, it is clear that Motley was afforded less than a complete Crim.R. 11(C) hearing before entering his pleas of no contest to the receiving-stolen-property and the failure-to-comply charges in April 2004.
 {¶ 14} At the February 2004 hearing, the trial court scrupulously informed Motley of his Crim.R. 11(C) rights before accepting his guilty plea to the offense of possession of cocaine. At the April 9, 2004, hearing, however, the trial court did not fully inform Motley of the constitutional implications of entering a no-contest plea. The trial court omitted from its Crim.R. 11(C) colloquy that, by entering a no-contest plea, Motley was waiving his constitutional right against self-incrimination.
 {¶ 15} Before accepting a guilty or no-contest plea from a defendant, the trial court must inform the defendant that he is waiving his privilege against compulsory self — incrimination, his right to jury trial, his right to confront his accusers, and his right of compulsory process. See State v. Ballard (1981), 66 Ohio St.2d 473, 423 N.E.2d 115, paragraph one of the syllabus; see, also, Boykin v. Alabama (1969),395 U.S. 238, 243, 89 S.Ct. 1709. The trial court's failure to meaningfully inform a defendant that he is waiving these rights by pleading guilty, or no contest, is an error that renders the plea defective. See State v. Ballard, 66 Ohio St.2d at 478, 423 N.E.2d 115; see, also, State v. McCann (1997), 120 Ohio App.3d 505, 508,698 N.E.2d 470; State v. DeArmond (1995), 108 Ohio App.3d 239,670 N.E.2d 531.
 {¶ 16} But Motley has not assigned this omission from the Crim.R. 11(C) colloquy as error. He has not argued that the trial court's failure to articulate the right against self-incrimination prevented him from knowingly and voluntarily entering his nocontest plea. See App.R. 12(A)(1)(b) and 16(A)(7). The sole assignment of error that this court must address is Motley's claim that the trial court abused its discretion in denying his presentence Crim.R. 32.1 motion.
 {¶ 17} With respect to the denial of a Crim.R. 32.1 motion, this single omission is not dispositive, as it would be when reviewing an assignment of error calling into question a Crim.R. 11(C) colloquy. Here, it is only one of the factors to be evaluated. See State v.Jefferson, at ¶ 7. Except for omitting the right against self-incrimination, the trial court conducted a meaningful dialogue with Motley. It correctly informed him of his other constitutional rights and substantially complied with Crim.R. 11(C) in every other respect. Motley, who was then twenty-four years of age with an eleventh-grade education, when asked by the trial court, said that he understood that by pleading no contest he was giving up his right to a trial. On further inquiry by the trial court, he said that he had, with the assistance of his attorney, read, understood and voluntarily signed the plea form, which included the maximum sentences and the consequences of postrelease control, and stated, "I understand by pleading No Contest I give up my constitutional rights to a jury trial, to confront witnesses against me, to have subpoenaed witnesses in my favor, and to require the state to prove my guilt beyond a reasonable doubt at trial at which I cannot becompelled to testify against myself." (Emphasis added.)
 {¶ 18} The transcripts of Motley's plea hearings leave no doubt that he knew he would not have a trial if he chose to enter a plea of no contest to the offenses charged in the indictment. Despite the failure to explicitly inform Motley of his right against self-incrimination, the transcript provides compelling evidence that Motley was afforded a meaningful hearing before pleading no contest. See State v. Jefferson, at ¶ 7. Motley's sole contention calling the voluntariness of his no-contest plea into question is that, despite telling the trial court otherwise, he was taking medication at the time he entered the plea.
 {¶ 19} Here, the trial court considered the factors applicable to Motley's claims before denying his motion to withdraw his pleas. Most of these factors weighed strongly in favor of denying Motley's motion. Because the trial court afforded Motley a hearing on his oral motion, weighed the facts presented at the hearing in light of the applicable factors, and stated why there was no support for the motion, it did not deny Motley a full hearing or abuse its discretion by denying his motion to withdraw his pleas. The assignment of error is overruled.
 {¶ 20} Therefore, the judgment of the trial court is affirmed.
Judgment affirmed.
Hildebrandt, P.J., concurs. Painter, J., dissents.