DECISION.
{¶ 1} Defendant-appellant Mathew Boggs pleaded guilty to forgery in the Hamilton County Common Pleas Court. The trial court ordered him to pay restitution for the money he had stolen and sentenced him to 10 days' incarceration at the Hamilton County Justice Center, 100 days' home incarceration, 5 years' community control, and 18 months' prison time if he should violate the terms of his community control.
 {¶ 2} About a month later, Boggs violated his community control by testing positive for cocaine. The trial court then reinstated the community-control sanction, extending its duration to September 21, 2010, and provided that if he should again violate the terms of his community control, he would receive 18 months' prison time; and he was also ordered to complete the lock-down River City Drug Treatment Program and associated after-care programs. Boggs has completed the inpatient portion of the treatment program, and on appeal he argues that the trial court abused its discretion by improvidently disregarding mitigating factors in imposing the maximum community-control period and by threatening Boggs with the maximum period of incarceration.
 {¶ 3} During the community-control period, Boggs must make restitution, receive alcohol and drug counseling, maintain employment (40 hours per week), and randomly undergo testing for all illicit drugs. The issue is whether the sentence is excessive in light of the sentencing statute. We hold that it is not.
 I. Excessive in Light of Jail? {¶ 4} Boggs takes exception to the potential 18-month hanging sentence that would be triggered by another violation of his community control. He argues that the possible sentence is excessive under the sentencing statutes. Forgery is a fourth-degree felony if the amount of loss to the victim is between $5,000 and $100,000.[1] The forged check in this case was cashed for $51,839.65, resulting in about a $20,000 loss to National City Bank. Community control is the default sentence for a fourth-degree felony. And the statutory incarceration range for a fourth-degree felony is six to eighteen months. A trial court is no longer required to make findings or to give reasons before imposing maximum, consecutive, or more than minimum sentences; and trial courts now have full discretion to impose a prison sentence within the statutory range.[2]
 {¶ 5} In this case, the trial court considered the factors in R.C. 2929.11 and 2929.12. Those statutes remain unaffected by theFoster holding. While community control is the default sentence for a fourth-degree felony, there is no presumption favoring community control.[3] That is, Boggs could have been sentenced to incarceration without judicial factfinding.
 {¶ 6} Because Boggs's sentence was within the statutory range, we leave him as we have found him. He is not in jail — but he could have been. We hold that neither the extension of community-control nor the threat of the maximum period of incarceration is excessive. Boggs's assignment of error is meritless, and the trial court's judgment is affirmed.
Judgment affirmed.
Gorman, P.J., and Sundermann, J., concur.
[1] See R.C. 2913.31(C)(1)(b)(i).
[2] See State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.
[3] See id. at ¶ 68-69.