DECISION. *Page 2 
{¶ 1} Defendant-appellant Stephano Henderson appeals from the convictions and sentences imposed by the trial court following his pleas of guilty to possession of cocaine and to felonious assault with a firearm specification. Henderson and his victim were using cocaine together when a dispute erupted and Henderson shot her. The trial court dismissed two additional counts of felonious assault, accepted Henderson's pleas, and imposed sentence. The trial court ordered Henderson to serve a two-year prison term for the possession offense and a concurrent four-year prison term for the felonious assault. Those terms were made consecutive to a mandatory three-year term for the firearm specification.
 {¶ 2} At some time after the imposition of sentence, Henderson wrote a letter to the trial court requesting that he be permitted to withdraw both pleas of guilty. The trial court overruled the motion.
 {¶ 3} In his first assignment of error, Henderson argues that the trial court erred in denying his Crim.R. 32.1 motion to withdraw the guilty pleas. He contends that his trial counsel manipulated him into entering the pleas. A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice.[1] A Crim.R. 32.1 motion "is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court."[2]
 {¶ 4} Here, the record reflects that, after a lengthy hearing on his motion to suppress the evidence supporting the possession charge, Henderson, while represented *Page 3 
by experienced trial counsel, withdrew his motion and entered pleas of guilty in response to the state's offer to dismiss two other felonious-assault charges.
 {¶ 5} Before accepting Henderson's pleas, the trial court twice personally addressed him and informed him of the consequences of his pleas in accordance with Crim.R. 11(C). The trial court carried out separate plea colloquies — one for each charge. Henderson represented to the court that he was satisfied with his counsel's efforts on his behalf. While there was no agreed sentence in this case, the trial court imposed the sentence that the state had recommended at the plea hearing.
 {¶ 6} A change of heart is not a reasonable basis for a trial court to permit a defendant to withdraw his plea.[3] As the trial court did not abuse its discretion in this case, the first assignment of error is overruled.
 {¶ 7} Henderson's second assignment of error, in which he argues that the cumulative sentence of seven year's incarceration was excessive, is overruled. Trial courts have full discretion to impose a prison sentence within the statutory range.[4] Henderson received concurrent, less-than-maximum prison terms for the two offenses. The trial court considered the purposes and principles of felony sentencing,[5] and imposed the sentence recommended at the plea hearing. Because his sentence was within the statutory range, the imposed sentence was not excessive.[6] The assignment of error is overruled.
 {¶ 8} Therefore, the trial court's judgment is affirmed.
Judgment affirmed.
HENDON, P. J., CUNNINGHAM and DINKELACKER, JJ.
[1] See Crim.R. 32.1.
[2] State v. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph two of the syllabus, cited with approval in State v.Bush, 96 Ohio St.3d 235, 2002-Ohio-3993; 773 N.E.2d 522, at ¶ 14.
[3] See State v. Motley, 1st Dist. Nos. C-040430 and C-040431,2005-Ohio-2450; see, also, State v. Lambros (1988), 44 Ohio App.3d 102,103, 541 N.E.2d 632.
[4] See State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470.
[5] See R.C. 2929.11 and 2929.12.
[6] See State v. Boggs, 1st Dist. No C-050946, 2006-Ohio-5899, at ¶ 6; see, also, State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470. *Page 1