[Cite as *State v. Sydnor*, 2021-Ohio-2596.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 20AP-224 |
| v. | : | (C.P.C. No. 19CR-746) |
| Sir Robert D. Martin Sydnor, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on July 29, 2021

**On brief:** [*G. Gary Tyack*], Prosecuting Attorney, and *Sarah V. Edwards*, for appellee.

**On brief:** *Yavitch & Palmer, Co. L.P.A.*, and *Jeffery A. Linn, II*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Sir Robert D. Martin Sydnor, appeals from the judgment of the Franklin County Court of Common Pleas denying his motion to withdraw his guilty plea. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On November 24, 2018, Taunt Denny ("Mr. Denny" or "Denny"), the victim, was waiting in his car when he was approached on the passenger side of the vehicle by appellant's co-defendant, George Latham ("Latham"). After a few minutes, appellant approached the car on the driver's side. Both appellant and Latham were armed. Denny addressed Latham stating, "[y]ou know I know you." (Oct. 5, 2019 Tr. at 4.) Latham then instructed appellant to search Denny and take his watch. Latham also told appellant to

"[p]op that N."  *Id.*  Appellant pulled his gun and tried to shoot, but the gun did not fire. Appellant stepped back and fired the gun again, striking Denny in the abdomen.  Appellant and Latham fled the scene.  Denny survived his injuries.

{¶ 3}  On February 13, 2019, a Franklin County Grand Jury indicted appellant of felonious assault, a second-degree felony; aggravated robbery, a first-degree felony; robbery, a second-degree felony; and robbery, a third-degree felony.  Each carried a three-year firearm specification for having weapons while under disability, a third-degree felony.

{¶ 4}  The trial court proceeded with a Crim.R. 11 hearing ("Rule 11").  Appellant and his counsel signed the entry of guilty plea.  The trial court requested a pre-sentence investigation and set the matter for a sentencing hearing on January 9, 2020.

{¶ 5}  Latham chose to proceed to trial.  The record indicates his trial was set to begin in early January 2020.

{¶ 6}  On January 7, 2020, appellant filed a motion to withdraw his guilty plea ("motion to withdraw" or "motion").  The memorandum in support stated:

> Although it is not an absolute right, [appellant's] request to withdraw a guilty plea prior to sentencing should be viewed liberally by the court.  The court must find that [appellant's] request is based upon some reason or justification other than the whim of the [appellant].  [Appellant] asserts that the credibility of the victim has come into question since entering his Guilty Plea.  In addition, there are other factors that have become known to [appellant] that will be addressed at hearing on this matter.

(Sic passim.) (Jan. 7, 2020 Mot. to Withdraw Plea of Guilty at 2.)

{¶ 7}  On January 10, 2020, the parties appeared before the trial court.  The trial court began the proceedings by stating, "[p]rior to today's hearing, counsel for [appellant] had filed a motion to withdraw his guilty plea.  I wanted to address that."  (Jan. 10, 2020 Tr. at 2.)  At this hearing, the trial court inquired into the claims raised in appellant's motion to withdraw.  Defense counsel explained it had come to his client's attention the charges against Latham may be dismissed.[1]  Defense counsel asserted, "[m]y client feels that he is not being treated equally here based on those -- he feels that if they are going to nolle one case, they need to nolle both cases or take both cases to trial.  My client, as you are aware,

---

[1] It is unclear from the record whether Latham's case was ultimately dismissed.

did enter a plea based on that. And the fact that we feel the credibility of the victim is an issue at this point." (Jan. 10, 2020 Tr. at 3.) Plaintiff-appellee, State of Ohio, agreed the victim failed to appear at Latham's January trial date and stated, "[t]he sole reason why it was getting nolled was Mr. Taunt Denny not showing up and not responding to and appearing here in court. That is the sole reason why this case was going to be nolled at this point." (Jan. 10, 2020 Tr. at 4.)

{¶ 8} Denny appeared at appellant's January 10, 2020 hearing and was addressed by the trial court. The court impressed the importance of his continued involvement in both cases. The trial court reserved ruling on the motion to withdraw and indicated Latham's case "will not be dismissed." (Jan. 10, 2020 Tr. at 9.) The trial court then set both appellant's and Latham's matters for trial on March 16, 2020, stating, "I'm going to reserve ruling on the motion to withdraw the guilty plea. I'm going to set all these matters for March 16, 2020 at 9:00 a.m." (Jan. 10, 2020 Tr. at 5.)

{¶ 9} On March 16, 2020, the trial court proceeded with the final review of appellant's motion to withdraw his plea and sentencing hearing. Defense counsel objected with the following exchange occurring between defense counsel and the trial court:

> MR. BILLING: Your Honor, it's my understanding that we -- you'd already granted that motion at the last hearing.
> THE COURT: I did not. I reserved ruling on that.

(Mar. 16, 2020 Tr. at 3.)

{¶ 10} The trial court then addressed the motion to withdraw, asking the parties for their final arguments. Appellant alleged that Denny had made conflicting statements and his credibility was the basis for the motion. Appellee responded that, although Denny had failed to appear for Latham's trial, he disputed any indication his story had changed.

{¶ 11} Denny appeared at appellant's March 16 hearing. The trial court addressed him, noting he never missed a hearing for appellant's case but had failed to consistently participate in Latham's case. The trial court discussed its expectations for him to appear at all matters involving both Latham's and appellant's cases moving forward. Denny agreed he would do so. He also denied ever changing his story.

{¶ 12} On review of appellant's motion to withdraw, the trial court stated:

I have had an opportunity to review the motion and the circumstances surrounding the reason for the motion to withdraw the guilty plea. There was some confusion and uncertainty about whether Mr. Denny would appear for the trial for Mr. Latham. And I believe that's the reason that the motion to withdraw the guilty plea was filed.

Counsel for the defendant is certainly well-qualified and has had many cases in front of this court. However, the motion to withdraw the plea doesn't really state a reason why it's asked to be withdrawn. And you can see it. I've put it up on the -- up on the board here. It's just one paragraph, just restating that the credibility of the victim has come into question.

The Court did conduct a full Rule 11 hearing back in September, advised Mr. Martin Sydnor of all of his rights. The Court did make sure that he understood the nature of the charges against him, what -- you know, what charges were being dismissed or reduced in exchange for his plea. The fact that he made a statement and obligated himself confessing to his role in the shooting of Mr. Denny, all of these factors weigh against allowing him to withdraw his plea.

(Mar. 16, 2020 Tr. at 7-8.)

{¶ 13} Appellant's trial counsel asserted an objection and his client's intention to appeal the ruling.

{¶ 14} Finally, the trial court sentenced appellant to a total term of three years of incarceration with the possibility of early release.

## II. ASSIGNMENT OF ERROR

{¶ 15} Appellant assigns the following as trial court error:

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA PRIOR TO SENTENCING.

## III. STANDARD OF REVIEW

{¶ 16} Under Crim.R. 32.1, a motion to withdraw a plea of guilty "may be made only before sentence is imposed." To withdraw a guilty plea, a defendant must show a reasonable and legitimate basis for the withdrawal. *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). Generally, a pre-sentence motion to withdraw a guilty plea shall be treated liberally and freely given; however, the decision remains within the sound discretion of the trial court. *Id.* at 526. There is no absolute right to withdraw a guilty plea. *Id.*

{¶ 17} An appellate court cannot reverse a trial court's ruling on a motion to withdraw a plea absent an abuse of discretion. *State v. Muhumed*, 10th Dist. No. 11AP-1001, 2012-Ohio-6155, ¶ 8. Abuse of discretion is more than an error of law or judgment; it implies the court's attitude was "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 18} In reviewing a trial court's decision on a pre-sentence motion to withdraw, an appellate court must look to the particular facts and circumstances presented. *State v. Zimmerman*, 10th Dist. No. 09AP-866, 2010-Ohio-4087, ¶ 13. If an appellate court finds the trial court unjustly or unfairly denied a defendant's pre-sentence motion, then reversal is warranted. *Xie* at 527.

## IV. LEGAL ANALYSIS

{¶ 19} The issue before the court is whether the trial court abused its discretion in denying appellant's pre-sentence motion to withdraw his guilty plea. Appellant argues the trial court abused its discretion based on three main issues: the procedure of the trial court; the trial court's review of all factors relevant to consideration of a pre-sentence withdrawal of a guilty plea; and inadequate weight given to appellant's alleged reasonable and legitimate basis for the withdrawal.

### A. Procedure of the Trial Court

{¶ 20} Appellant asserts the trial court abused its discretion when it reviewed and ruled on appellant's motion to withdraw and proceeded with sentencing instead of trial. At the March 16 hearing, appellant asserted he misunderstood the court and believed the motion to withdraw was granted at the end of the January 10 hearing. Appellant's trial counsel stated, "we are not prepared to go forward with sentencing today. It was our understanding that this was set for trial, that the Court was going to allow him to withdraw his plea." (Mar. 16, 2020 Tr. at 12.)

{¶ 21} The record reflects the trial court reserved ruling on the motion to withdraw. During the January 10 hearing, the trial court stated, "I'm going to reserve ruling on the motion to withdraw the guilty plea. I'm going to set all these matters for March 16, 2020 at 9:00 a.m." (Jan. 10, 2020 Tr. at 5.) The trial court stated two more times at the hearing that it was reserving ruling on the motion to withdraw. (Jan. 10, 2020 Tr. at 7, 9.) Accordingly, as the trial court reserved ruling on appellant's motion to withdraw, it did not

act unreasonably, arbitrarily, or unconscionably by reviewing and ruling on the motion and proceeding to sentencing on March 16, 2020.

### B. Weight of Relevant Facts and Circumstances

{¶ 22} Appellant further argues the trial court abused its discretion in its review of all factors relevant to the consideration of the pre-sentence withdrawal of a guilty plea and gave inadequate weight to appellant's alleged reasonable and legitimate basis for the withdrawal. As these two issues are interrelated, we shall address them together.

{¶ 23} In reviewing a trial court's decision regarding a defendant's pre-sentence motion to withdraw a guilty plea, we are required to weigh a number of non-exhaustive factors. These factors include:

> (1) whether the prosecution would be prejudiced if the plea were vacated; (2) whether the offender was represented by highly competent counsel; (3) the extent of the Crim.R. 11 hearing; (4) whether there was a full hearing on the motion to withdraw the offender's guilty plea; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the motion was made within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the accused understood the nature of the charges and possible penalties; and (9) whether the accused was perhaps not guilty or had a complete defense to the crime.

*State v. Jones*, 10th Dist. No. 09AP-700, 2010-Ohio-903, ¶ 10, citing *State v. Fish*, 104 Ohio App.3d 236, 240 (1st Dist.1995).

{¶ 24} Appellant argues the trial court only addressed five of the nine factors. Appellant admits the trial court discussed the second factor (competency of trial counsel); the third factor (Rule 11 hearing); the fifth factor (full and fair consideration by the trial court); the seventh factor (specific reasons for the motion); and the eighth factor (appellant's understanding of the charges). Appellant asserts the trial court abused its discretion by not weighing all factors set forth in *Jones* and also asserts the trial court did not weigh properly the factors it did consider. Appellee asserts the trial court was not required to address all nine factors because they comprise a non-exhaustive list and should be treated as a balancing test.

{¶ 25} Under Ohio law, the list of nine factors is non-exhaustive. *Zimmerman* at ¶ 13. No one factor is conclusive, and a court evaluating the circumstances must weigh the

factors together as a balancing test when determining whether to grant a motion to withdraw a guilty plea. *Id.* at ¶ 13. Additionally, " 'the weight or significance that a trial court gives to any particular reason is within the discretion of the trial court.' " *State v. Ganguly*, 10th Dist. No. 14AP-383, 2015-Ohio-845, ¶ 17, quoting *State v. Watkins*, 10th Dist. No. 13AP-133, 2013-Ohio-5544, ¶ 11. As such, appellant's argument that the trial court must discuss all nine factors lacks merit.

{¶ 26} We now turn to appellant's broader argument, whether or not the trial court properly considered the factors it did address and whether it made "the proper findings to justify the decision declining Appellant's request to withdraw the guilty plea." (Appellant's Brief at 27.)

{¶ 27} Regarding the first factor, whether the prosecution would be prejudiced if the plea were vacated, appellee concedes it would suffer minimal prejudice by permitting the plea withdrawal, stating "the prosecution would not have faced much prejudice given that [appellant] gave a complete proffer in which he admitted to shooting the victim." (Appellee's Brief at 23.) Under Ohio law, a lack of prejudice does not mandate withdrawal as it is only one factor a trial court must consider when making its decision. *Watkins* at ¶ 12. Accordingly, we review this in conjunction with the remaining eight factors.

{¶ 28} With regard to the second factor, appellant concedes the trial court considered whether he was represented by highly competent counsel. During the March 16 hearing, the trial court stated, "[c]ounsel for the defendant is certainly well-qualified and has had many cases in front of this court." (Mar. 16, 2020 Tr. at 8.) Accordingly, as appellant was represented by well-qualified counsel, appellant's representation by highly competent counsel weighs against appellant's motion to withdraw.

{¶ 29} With regard to the third factor, appellant admits the trial court held a Rule 11 hearing and does not otherwise challenge the Rule 11 hearing. On review of the record, we find the trial court conducted a full Rule 11 hearing on September 9, 2019. Therefore, factor three weighs against appellant's motion to withdraw.

{¶ 30} With regard to the fourth factor, appellant argues the trial court "failed to consider if an actual full hearing was held regarding the motion." (Appellant's Brief at 25.) Under Ohio law, a trial court "must conduct a hearing to determine whether there is a

reasonable and legitimate basis for the withdrawal of the plea." *Xie* at 527. As one of the most important factors, a hearing ensures a defendant has the opportunity to be heard.

{¶ 31} The record shows the trial court provided time for not one but two oral arguments to review the motion, holding an initial hearing on the record on January 10, 2020 and another on March 16, 2020. The trial court then allowed counsel and appellant additional time to fully present their arguments, stating "if [the prosecution] want[s] to file a response to the motion to withdraw a guilty plea since it just came in this week[,] * * * [g]o ahead and file that so there's a record of it. But, you know, we are going to come back on the 16th." (Jan. 10, 2020 Tr. at 9.) From the record and the trial court's actions, it is evident there was a full and fair hearing which weighs against appellant's motion to withdraw.

{¶ 32} With regard to the fifth factor, whether full and fair consideration was given to the motion to withdraw, appellant concedes the trial court reviewed this factor. (Appellant's Brief at 25.) The record reflects counsel for both parties provided arguments; the trial court engaged in discussions with counsel regarding the basis for the motion to withdraw; Denny was called to provide testimony; the trial court asked numerous questions; and the trial court explained why it was denying the motion. Accordingly, we find the trial court gave appellant's motion full and fair consideration. This weighs against appellant's motion to withdraw.

{¶ 33} With regard to the sixth factor, appellant argues, "[t]he trial court did not determine if the motion was made in a reasonable time." (Appellant's Brief at 25.) Appellant appeared for a Rule 11 hearing and entered his plea in September 2019. Sentencing was then continued numerous times and finally set for January 9, 2020. On January 7, 2020, four months after entering the plea and two days before sentencing, appellant moved to withdraw his plea of guilty. Due to this lag and the close proximity to appellant's sentencing hearing, we find timing weighs against appellant's motion to withdraw.

{¶ 34} With regard to the seventh factor, appellant argues that the trial court "did not accurately state the specific reason" given by appellant in his motion to withdraw. (Appellant's Brief at 26.)

{¶ 35} While addressing appellant's reason for seeking to withdraw his plea, the trial court stated, "the motion to withdraw the plea doesn't really state a reason why it's asked

to be withdrawn. * * * It's just one paragraph, just restating that the credibility of the victim has come into question." (Mar. 16, 2020 Tr. at 8.) The trial court also stated, "[t]here was some confusion and uncertainty about whether Mr. Denny would appear for the trial for Mr. Latham. And I believe that's the reason that the motion to withdraw the guilty plea was filed." *Id.* This recitation of appellant's "specific reason" aligns with appellant's present arguments.

{¶ 36} On appeal, appellant asserts Denny's lack of credibility was his main motivation for filing his motion to withdraw. Appellant cites Denny's lack of cooperation in Latham's trial as the reason he believes Denny's credibility to be at issue. Appellant focuses on Denny's lack of cooperation, arguing the trial court indicated it "agreed and expressed concerns" regarding Denny's conduct but failed to permit withdrawal. (Appellant's Brief at 22.) At the January 10 hearing, the trial court stated:

> I have concerns that there's been some, you know, potential obstruction of justice. Possibly the fact that, you know, it appears to me that [Denny] has said he's not going to go forward on Mr. Latham but is on the codefendant, [appellant], is not appropriate, I think. And I'm not going to allow that to happen.

(Sic passim.) (Jan. 10, 2020 Tr. at 8.) Appellant asserts because the trial court recognized the issue regarding a potential dismissal of his co-defendant's case, the court abused its discretion when it denied his motion to withdraw. Appellant asserts this error results in disparate treatment between his case and that of Latham's.

{¶ 37} Appellant's specific reason for withdrawing his plea is based on a perceived unfairness that his co-defendant's case may resolve in a manner unequal to his own. Appellant argues, "fundamental fairness required the Court to permit withdraw because the similarly situated codefendant was being treated differently -- his case was being dismissed." (Appellant's Brief at 21.) Appellee argues the trial court ensured the proceedings for each co-defendant were fair.

{¶ 38} On review of the record, the trial court attempted to ensure Denny appeared at both appellant's and Latham's proceedings. At the March 16 hearing, the trial court addressed Denny personally, impressing the importance of his involvement by stating:

> THE COURT: Look, here's what's going to happen. We are
>                      going to have a trial for [appellant] and for

George Latham on March 16, 2020, at 9:00
a.m. If your ass isn't here that day --

MR. DENNY: I'll be here.

THE COURT: I'm locking you up. All right?

(Jan. 10, 2020 Tr. at 6.) At the March 16 hearing, the trial court noted the likelihood of Latham's trial being continued and ordered Denny to appear for the trial date again, stating, "[a]nd if you are not here, I'm going to have you arrested." (Mar. 16, 2020 Tr. at 6.)

{¶ 39} We find the trial court did not treat Latham's case differently than appellant's case; rather, the trial court attempted to ensure the victim appeared for each of the defendants' cases. Appellant does not argue selective prosecution, nor do we think it applies here. Appellant has not cited to any case law, nor has our research discovered any, supporting the proposition that potential different resolutions of cases involving co-defendants constitutes disparate treatment. Therefore, we disagree with appellant that the trial court engaged in disparate treatment.

{¶ 40} As the trial court correctly identified appellant's specific reason for seeking withdrawal and that specific reason was alleviated by the actions of the trial court, we find the seventh factor weighs against appellant's motion to withdraw.

{¶ 41} With regard to the eighth factor, appellant concedes the trial court considered whether the accused understood the nature of the charges and possible penalties. At the March 16 hearing, the trial court said, "[t]he Court did make sure that [appellant] understood the nature of the charges against him, what -- you know, what charges were being dismissed or reduced in exchange for his plea." (Mar. 16, 2020 Tr. at 8.) Accordingly, the trial court's consideration of the eighth factor, whether appellant understood the nature of the charges and possible penalties, weighs against appellant's motion to withdraw.

{¶ 42} Finally, with regard to the ninth factor, appellant argues the trial court did not consider whether appellant had a complete defense to the crime. The ninth factor pertains to "whether the accused was perhaps not guilty *or* had a complete defense to the crime." (Emphasis added.) *Jones* at ¶ 10. Appellant states, "[t]he trial court must consider if Appellant had a complete defense to the charge." (Appellant's Brief at 26.) Appellant provides no law to support his contention that the trial court must consider both whether appellant was guilty and whether appellant had a complete defense to the charge, nor have we found any.

{¶ 43} Appellee asserts the trial court addressed the ninth factor when it assessed his confession. At the March 16 hearing, the trial court stated appellant "made a statement and obligated himself confessing to his role in the shooting of Mr. Denny." (Mar. 16, 2020 Tr. at 8.) Based on this statement, we agree with appellee that the trial court sufficiently considered the ninth factor. The plain language of this factor does not require the trial court to address both whether the accused was guilty *and* whether appellant had a complete defense to the charge. The trial court's review of appellant's confession and guilt fulfills the ninth factor. Accordingly, we find appellant's confession to shooting Denny weighs against his motion to withdraw.

{¶ 44} Based on the foregoing, we find a majority of the factors weigh against appellant's motion to withdraw his guilty plea. As such, we find the trial court properly reviewed all relevant factors and gave adequate weight to appellant's alleged reasonable and legitimate basis for the withdrawal and did not abuse its discretion in denying appellant's motion to withdraw. Appellant's sole assignment of error is overruled.

**V. CONCLUSION**

{¶ 45} Based on the foregoing, appellant's sole assignment of error is overruled, and we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BEATTY BLUNT and MENTEL, JJ., concur.

_____