[Cite as *State v. Askew*, 2022-Ohio-1182.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 21AP-200 |
| | | (C.P.C. No. 18CR-0806) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Antyone Askew, Jr., | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on April 7, 2022

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Seth L. Gilbert,* for appellee.

**On brief:** *Jeremy A. Roth*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Defendant-appellant, Antyone Askew, Jr., appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas following the court's denial of appellant's presentence motion to withdraw his guilty plea to one count of burglary.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On February 16, 2018, appellant was indicted on one count of burglary, in violation of R.C. 2911.12, a felony of the second degree, and one count of theft, in violation of R.C. 2913.02, a felony of the fifth degree. Appellant entered a plea of not guilty to the charges, and an attorney with the Franklin County Public Defender's Office was appointed to represent him.

{¶ 3}  Following several continuances, a trial date was set for October 21, 2019.  On the scheduled date, appellant informed the court of his desire to obtain new counsel.  The trial court, noting "the age of these cases," indicated it would set the matter for trial "two weeks from today.  You have that time to go and hire new counsel." (Oct. 21, 2019 Tr. at 3.) Appellant then inquired about obtaining new appointed counsel.  The trial court declined appellant's request, stating in part: "I know that she [current appointed counsel] has worked very hard for you during the time that she's been on this case.  We've met several times * * * and tried to get it to trial.  I know that she has fought for certain discovery items for you during the pendency of the case.  At this point, I don't think that there's good cause to replace [appointed counsel] on your case." (Tr. at 4.)

{¶ 4}  The trial court afforded counsel for appellant the opportunity to "address anything on the record" at that time. (Tr. at 4.)  In response, counsel stated she had met in jail with appellant "at least five times," and that "we've sat there and gone through videos at length for several hours * * * in order to adequately prepare his case." (Tr. at 5.)  Counsel further stated: "I think where we disagree is my evaluation of the case versus his." (Tr. at 5.)  The trial court reiterated: "I don't think that there is cause at this time to replace [appointed counsel]." (Tr. at 5.)

{¶ 5}  The trial was continued several more times, and appellant was released on bond in September 2020.  A new trial date was set for November 16, 2020.  On that date, the parties indicated a plea agreement had been reached, whereby appellant agreed to plead guilty to count one (burglary, a felony of the second degree).

{¶ 6}  At the plea hearing, the state recited the following facts regarding the offense:

> On December 8, 2017, the victim in this case, Ricky Truesdale, who is a retired man, went to run a quick errand.  While he was gone, the defendant forcibly entered through a side window and stole jewelry, watches, and an air compressor.
>
> Mr. Truesdale had an alarm system with video cameras that captured the defendant's picture both at his front door and when he entered the home.  A short time later, on December 27, the air compressor that he stole was found to have been pawned that day by the defendant at Lev's Pawn Shop on East Main Street.  The defendant used his State ID to pawn that air compressor.

> The video was recovered by the detectives, and it clearly showed the defendant was the perpetrator of this crime.
>
> In January the detective showed stills from that video to the defendant's grandma. She also identified her grandson as the defendant who was breaking into the home.
>
> The defendant was arrested in February of 2018. When interviewed, he said that wasn't him and he didn't know what they were talking about.

(Nov. 16, 2020 Tr. at 10-11.)

**{¶ 7}** After conducting a Crim.R. 11 plea colloquy, the trial court accepted appellant's guilty plea. The prosecutor, noting "there is no joint recommendation," then requested a presentence investigation. (Tr. at 13.) The court indicated "we can order a presentence investigation report, and we won't move forward with sentencing at this time." (Tr. at 13.) The court set a sentencing date for January 29, 2021. The prosecutor also requested the trial court to revoke appellant's bond, but the court denied the state's request.

**{¶ 8}** On January 28, 2021, the state filed a sentencing memorandum in which it argued appellant "should receive a sentence of seven to eight years." (Jan. 28, 2021 Sentencing Memo at 1.) In addressing the issue of recidivism factors, the state argued that appellant "has a criminal conviction for assault in 2013, and a separate conviction in 2013 for robbery as a felony of the second degree." *Id.* at 2. The state further noted that, while the current case was pending, appellant had been acquitted of attempted murder in an unrelated case. Finally, the state argued that appellant, following his release on bond in the underlying burglary case, was arrested on January 1, 2021, and now faced a federal indictment for drug and weapons charges.

**{¶ 9}** A new sentencing date was scheduled for April 9, 2021. On March 25, 2021, appellant filed a motion to withdraw his guilty plea. In the accompanying memorandum in support, appellant argued that, while trial counsel "believed Mr. Askew would receive a sentence commensurate with a third degree burglary," the state had "made a specific filing requesting a near maximum sentence." (Mar. 25, 2021 Mot. to Withdraw Guilty Plea at 3.) Appellant further argued that "because of federal sentencing guidelines and a pending federal case, a conviction on this case could substantially increase the time of incarceration he would receive in any possible plea or conviction on the case." *Id.* at 4. Finally, appellant

argued he "has indicated that he is '[n]ot [g]uilty' " (i.e., asserting that, during a presentence investigation interview, appellant "told the interviewer that he did not commit the offense and that his conviction was based on hearsay"). *Id.*

{¶ 10} On March 26, 2021, the state filed a memorandum contra the motion to withdraw guilty plea. In its memorandum in support, the state argued that the sole reason appellant wanted to withdraw his plea is because, "while out on bond, awaiting sentencing on a felony of the second degree, [he] was arrested and then charged in Federal Court for committing various firearm and drug offenses." (Mar. 26, 2021 State's Memo Contra at 2.)

{¶ 11} On April 9, 2021 (the rescheduled sentencing date), the trial court conducted a hearing on the motion to withdraw guilty plea. During the hearing, counsel for appellant argued in support of the motion to withdraw, stating in part:

> The first reasonable and legitimate basis is that Mr. Askew, during his presentence investigation, asserted his innocence. The wisdom of that assertion, notwithstanding, that is a factor in his favor for being allowed to withdraw the guilty plea.
>
> And though the State disagrees, because Mr. Askew now has pending federal charges, a second conviction could have a substantial impact on those charges. * * *
>
> Also having this conviction would make him a career offender under the statute which automatically places his criminal history category at 6. * * *
>
> Whether the State thinks that's sour grapes or not, that's a substantial future impact on Mr. Askew and, I would argue, provides that reasonable and legitimate basis to freely withdraw his guilty plea prior to sentencing.
>
> Additionally, the State cannot demonstrate prejudice. They are in good contact with prosecuting witnesses, according to their sentencing memorandum, and they believe they have evidence necessary to proceed to trial and will not be prejudiced by resetting this case for trial.

(Apr. 9, 2021 Tr. at 4-5.)

{¶ 12} In response, the prosecutor argued the "only reason that the defendant has filed this motion is because of his own freewill and of his own volition, he went out and allegedly committed a new offense while awaiting sentencing to this Court on a felony of

the second degree. That's it." (Tr. at 6.) The prosecutor further argued appellant "just had a change of heart because on January 1, he was arrested with a loaded and chambered firearm in his vehicle along with drugs and guns; and that case has gone federal. That's the only reason he wants this do-over." (Tr. at 8.)

{¶ 13} Following argument by the parties, the trial court announced from the bench it would deny the motion to withdraw. After denying the motion, the trial court proceeded to sentencing. On April 9, 2021, the trial court filed a judgment entry sentencing appellant to six years imprisonment, with 965 days of jail-time credit.

## II. ASSIGNMENT OF ERROR

{¶ 14} Appellant assigns the following as trial court error:

> The trial court erred in denying Appellant's Motion to Withdraw his Guilty Plea pursuant to Criminal Rule 32.1.

{¶ 15} Under his single assignment of error, appellant asserts the trial court erred in denying his presentence motion to withdraw guilty plea. Appellant maintains the motion set forth reasonable, articulable, and legitimate reasons as to why he sought to withdraw his plea.

## III. STANDARD OF REVIEW

{¶ 16} Crim.R. 32.1 governs the withdrawal of a guilty plea and states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Under Ohio law, "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). However, "a defendant does not have an absolute right to withdraw a plea prior to sentencing." *Id.* Rather, "the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* A trial court's "decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." *Id.* at paragraph two of the syllabus. Thus, "[a]bsent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed." *Id.* at 527.

{¶ 17} This court has previously noted that "[a]ppellate review of a decision on a presentence motion to withdraw a guilty plea necessarily depends upon the particular facts

and circumstances presented." *State v. Zimmerman*, 10th Dist. No. 09AP-866, 2010-Ohio-4087, ¶ 13, citing *State v. Walton*, 2 Ohio App.3d 117, 119 (10th Dist.1981). *See also State v. Sydnor*, 10th Dist. No. 20AP-224, 2021-Ohio-2596, ¶ 18.

{¶ 18} In analyzing whether the trial court abused its discretion in denying a presentence motion to withdraw a guilty plea, a reviewing court may consider the following list of non-exhaustive factors:

> (1) whether the prosecution would be prejudiced if the plea were vacated; (2) whether the offender was represented by highly competent counsel; (3) the extent of the Crim.R. 11 hearing; (4) whether there was full hearing on the motion to withdraw the offender's guilty plea; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the motion was made within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the accused understood the nature of the charges and possible penalties; and (9) whether the accused was perhaps not guilty or had a complete defense to the crime.

*Zimmerman* at ¶ 13, citing *State v. Jones*, 10th Dist. No. 09AP-700, 2010-Ohio-903, ¶ 10, citing *State v. Fish*, 104 Ohio App.3d 236, 240 (1st Dist.1995). Further, consideration of the above factors "is a balancing test, and no one factor is conclusive." *Id.*

## IV. LEGAL ANALYSIS

{¶ 19} In the present case, appellant argues his presentence motion to withdraw guilty plea was timely, that he provided a reasonable, legitimate basis for wishing to withdraw his plea, and that he made assertions during the hearing that the prosecution would not be prejudiced by withdrawal of the plea. Appellant further contends the issue of his counsel's competence at the time of the plea is "at least at question." (Appellant's Brief at 6.) Finally, appellant maintains the trial court failed to give full and fair consideration to the motion, focusing "solely * * * on the subsequent charging of Appellant in a federal case," and "seemingly" failing to consider other reasons, "including his assertion of innocence." (Appellant's Brief at 7.)

{¶ 20} In denying the motion to withdraw guilty plea, the trial court stated the following during the motion hearing:

> It's the Court's finding that the only reason the defendant filed this motion was that because while he was out on bond awaiting sentencing on this felony of the second degree, he was arrested and then charged in federal court for committing

various firearm and drug offenses and that, in effect, all that has happened here is that the defendant has had a change of heart because he's concerned about the effect of the sentencing of this case on his new federal charges.

The Court further finds that even looking at the *Fish* factors that the Court can and is going to deny the request. The Court finds that with respect to those factors, the defendant was represented by highly competent counsel at the time of the plea. That's evidenced by the fact that the defendant was acquitted after a jury trial of attempted murder in a separate case.

The defendant was given a full Criminal Rule 11 hearing. We've had a hearing here today on this matter. The Court is giving full and fair consideration to the defendant's motion.

While the defendant's motion was made timely, it was made only after he was charged with the new federal charges and that the only reason the defendant is seeking this is because of the effect that this sentencing will have on his federal charges, that the defendant clearly understood the nature of the charges and the possible penalties. Again, we went over those in detail during the Criminal Rule 11 hearing. As far as what's been provided to this Court, it does appear the defendant is on video burglarizing the home at issue.

(Apr. 9, 2021 Tr. at 10-11.)

{¶ 21} As noted, appellant argues the issue of his counsel's competence at the time of the plea was "at least" in question based on the fact he attempted to have new counsel appointed "due to their disagreements about the cases and how to proceed." (Appellant's Brief at 6.) In general, "[a]n attorney who is properly licensed in Ohio is presumed competent." *State v. Brown*, 9th Dist. No. 23759, 2007-Ohio-7028, ¶ 17, citing *State v. Lott*, 51 Ohio St.3d 160, 174 (1990).

{¶ 22} While appellant maintains he was dissatisfied with his appointed counsel, the trial court addressed this concern at a pre-trial hearing on October 21, 2019, during which counsel indicated she had met with appellant "at least five times," and that she and her client had reviewed "videos at length for several hours * * * in order to adequately prepare his case." (Oct. 21, 2019 Tr. at 5.) In response to an inquiry by the trial court, counsel represented her view that "where we disagree is my evaluation of the case versus

his." (Tr. at 5.) The trial court, in considering appellant's request, did not find cause to replace counsel at that time, and the record does not suggest counsel was unprepared to go to trial. Further, the fact appellant requested a new attorney is not dispositive of the issue of whether he was represented by highly competent counsel. *See State v. Motley,* 1st Dist. No. C-040430, 2005-Ohio-2450, ¶ 12 (affirming denial of presentence motion to withdraw plea and noting that, although appellant "requested a new attorney, * * * there is nothing in the record suggesting that his attorney was less than highly competent").

{¶ 23}   As cited above, the trial court, during the subsequent hearing on the motion to withdraw, concluded appellant "was represented by highly competent counsel at the time of the plea." (Apr. 9, 2021 Tr. at 10.) In support, the trial court noted appellant "was acquitted after a jury trial of attempted murder in a separate case." *Id.* On that issue, we take notice of the fact appellant was acquitted of attempted murder (as well as counts of aggravated burglary, felonious assault, and aggravated robbery) in Franklin County Common Pleas case No. 18CR-1227 while represented by the same public defender attorney who represented him in the instant plea proceeding. We also note that appellant, in response to an inquiry by the trial court during the plea hearing, stated he was satisfied with his attorney's representation. Upon review, the record in this case supports the trial court's finding that appellant was represented by highly competent counsel at the time of the plea.

{¶ 24} The record also supports the trial court's finding that appellant was given "a full Criminal Rule 11 hearing" before entering his plea. (Tr. at 10.) During the plea hearing, appellant stated that he understood the charges against him, that he was satisfied with his attorney's representation, and that he understood his guilty plea was an admission that he committed the offense at issue. The Crim.R. 11 plea colloquy was extensive, during which the trial court informed appellant that "[t]his felony of the second degree carries with it a mandatory prison term," and that "[i]t could be for a period of up to eight years." (Nov. 16, 2020 Tr. at 7.) Appellant acknowledged his understanding of the maximum potential penalty, and also acknowledged he was entering into the plea freely and voluntarily. The guilty plea form signed by appellant indicated he faced a maximum prison term of eight years and that a prison sentence was mandatory.

{¶ 25} The record indicates the trial court provided appellant a full hearing on the motion to withdraw his guilty plea, and appellant does not specifically challenge the

manner in which the court conducted the hearing. Moreover, and contrary to appellant's contention, the record reflects the trial court fully considered the reasons given to withdraw the guilty plea. During the hearing on the motion to withdraw guilty plea, counsel for appellant argued the "first reasonable and legitimate basis is that [appellant], during his presentence investigation, asserted his innocence." (Apr. 9, 2021 Tr. at 4.) As a further basis for the motion, counsel argued that, because appellant "now has pending federal charges, a second conviction could have a substantial impact on those charges." *Id.*

{¶ 26} With respect to claims of innocence or a complete defense, the trial court, after reviewing video capturing the events at issue, stated during the hearing on the motion to withdraw that "it does appear the defendant is on video burglarizing the home at issue." (Tr. at 11.) During the plea hearing, appellant raised no objection to the state's recitation of the facts (including the statement that appellant's grandmother, after being shown still photographs taken from the video, "identified her grandson as the defendant who was breaking into the home"). (Nov. 16, 2020 Tr. at 11.) Further, we agree with the state's contention that appellant's claim of innocence, which he raised in his motion to withdraw and at the hearing on the motion, is contradicted by statements he made at a subsequent restitution hearing in which he acknowledged: "I did break into that man's house."[1] (May 7, 2021 Tr. at 13.) Here, the record does not indicate the trial court failed to fully consider whether appellant was "perhaps not guilty or had a complete defense to the crime." *Zimmerman* at ¶ 13.

{¶ 27} While appellant contends the trial court placed undue focus on the federal charges he incurred while out on bond, the record indicates a primary issue raised by appellant's counsel during the hearing on the motion to withdraw involved counsel's argument (as cited above) that his client "now has pending federal charges," and that "a second conviction could have a substantial impact on those charges." (Apr. 9, 2021 Tr. at 4.) The trial court appropriately considered that reason (as well as the other reasons offered by counsel) in addressing the motion to withdraw. In assessing the validity of that reason, the trial court noted that appellant, while "out on bond awaiting sentencing on this felony

---

[1] On May 7, 2021, the trial court conducted a restitution hearing at which time appellant spoke on his own behalf (despite advisement by his counsel against doing so) and acknowledged breaking into the house. Appellant stated that he "came in through a side window." (May 7, 2021 Tr. at 13.) Appellant further stated: "I grabbed the air compressor * * * [and] went straight to the pawn shop and pawned if for $40." *Id*. at 14.

of the second degree, * * * was arrested and then charged in federal court for committing various firearm and drug offenses." (Tr. at 10.) The court, citing the fact the motion to withdraw "was made only after he was charged with the new federal charges," deemed the real reason for the motion to be "a change of heart because he's concerned about the effect of the sentencing of this case on his new federal charges." *Id.*

{¶ 28} Based on the facts and circumstances presented here, the trial court could have reasonably concluded appellant lacked a reasonable and legitimate reason to withdraw his plea but, rather, merely had a change of heart due to the new circumstances he faced arising out of his own conduct while on bond awaiting sentencing. *See State v. Miller*, 11th Dist. No. 2009-P-0090, 2011-Ohio-1161, ¶ 28 (where appellant, who had been released on bond pending sentencing, was arrested for possessing chemicals used in the manufacture of methamphetamine, trial court "could have drawn the reasonable inference" his decision to seek withdrawal of the plea was based upon "a simple change of heart due to the unfavorable position in which he eventually found himself after his release on the PR bond"); *State v. Keiner,* 5th Dist. No. 15CA016, 2016-Ohio-3294, ¶ 30 (appellant, who did not file motion to withdraw plea until after trial court issued warrant for arrest following bond violation and failure to appear at sentencing hearing, had mere change of heart which was "not a reasonable basis requiring * * * trial court to permit [him] to withdraw his guilty plea"); *State v. Feller,* 1st Dist. No. C-110775, 2012-Ohio-6016, ¶ 30 (appellant's motion to withdraw his plea "was based on nothing more than a change of heart" as he "failed to cooperate with the state after being released on bond and he incurred multiple serious new charges").

{¶ 29} Appellant's motion to withdraw guilty plea also cited concern that the state had filed a sentencing memorandum requesting a prison term of seven or eight years. However, "[a] defendant's change of heart or mistaken belief about the * * * expected sentence does not constitute a legitimate basis that requires the trial court to permit the defendant to withdraw the guilty plea." *State v. Brooks,* 10th Dist. No. 02AP-44, 2002-Ohio-5794, ¶ 51, citing *State v. Sabatino,* 102 Ohio App.3d 483, 486 (8th Dist.1995). *See also State v. Harmon,* 4th Dist. No. 20CA6, 2021-Ohio-2610, ¶ 36 ("a change of heart, after becoming aware of an imminent, harsh sentence, does not entitle a defendant to withdraw his guilty plea"); *State v. Guy,* 12th Dist. No. CA2020-03-004, 2020-Ohio-6908, ¶ 15

(characterizing appellant's "disappointment at the sentence that could be imposed upon him" as "premised on a change of heart," and holding that such disappointment "may not serve as a basis for withdrawal of his guilty plea"); *State v. Howard,* 4th Dist. No. 16CA3762, 2017-Ohio-9392, ¶ 44 (balancing of factors "strongly suggest that appellant's plea withdrawal motion was a last-ditch attempt to avoid the harsher prison sentence he faced for violating the conditions of his bond").

{¶ 30} Upon review, we agree with the trial court's determination that appellant's arguments and reasons in support of the motion demonstrated a mere change of heart rather than a reasonable and legitimate basis for setting aside the plea.   Accordingly, the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea.  Appellant's sole assignment of error is not well-taken and is overruled.

**V.  CONCLUSION**

{¶ 31} Based upon the foregoing, and having overruled appellant's sole assignment of error, the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

LUPER SCHUSTER, P.J., and DORRIAN, J., concur.

_____